UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
------------------------------------------------------------X
JENNIFER WORKMAN, Individually and as
Guardian of MW, a minor



                      PLAINTIFFS,    VERIFIED COMPLAINT

-AGAINST-

                                               CIV. NO 2:09-0325

MINGO COUNTY SCHOOLS, DWIGHT DIALS
Superintendent Mingo County Schools, STATE
OF WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES,

                      DEFENDANT.
------------------------------------------------------------X

Plaintiffs, by and through their attorneys, allege as follows:

## NATURE OF ACTION

1. This action involves a denial of Plaintiffs' constitutionally protected rights of Freedom of Religion, Due Process and Equal Protection. The Defendant(s) seek(s) to compel Plaintiffs' compliance with the vaccination requirements of West Virginia State Code § 16-3-4 "WVSC" (Attendance, Health and Safety Regulations), by prohibiting Infant Plaintiff "MW" from attending the Lenore Pre-K-8 School located in the Mingo County School District in Lenore, West Virginia until MW is fully vaccinated in accordance with the West Virginia State Code § 16-3-4.

2. West Virginia State Code § 16-3-4 provides for an exemption from immunizations for school aged children whose parent or guardian have secured "a certificate from a reputable physician showing that immunization for any or all is impossible or improper, or sufficient reason why any or all immunizations should not be done."

3. In good faith compliance with WVSC § 16-3-4 Plaintiff Jennifer Workman secured a certificate from a reputable physician, Dr. John McCallum M.D., date September 4, 2007, clearly setting forth pertaining to MW "PERMANENT MEDICAL EXEMPTION (VP-3 – PART C) I certify that the Physical Condition of this child [MW] is such that immunization(s) is medically contraindicated..." See attached Exhibit A [Permanent Medical Exemption Certificate of Dr. John McCallum M.D.].

4. By letter dated October 3, 2007, from Catherine C. Slemp M.D., MPH, Acting State Health Officer, the State of West Virginia Department of Health and Human Resources stated their opinion that the request of Plaintiff Jennifer Workman for a medical exemption on behalf of her daughter MW be denied stating "...I recommend that this request for medical exemption be denied, assuming immunization requirements apply to the situation at hand. I make this recommendation considering both the safety of this child and other children in the school setting." See Exhibit B [State of West Virginia Department of Health and Human Resources "Letter" which provides that West Virginia State Department's opinion and recommendation concerning the request for medical exemption from medical exemption and immunizations for MW.].

5. Rita Ward, Mingo County Schools Pre-K Contact, sent a letter dated October 12, 2007, to Mr. and Mrs. (Jennifer) Workman [Plaintiff], which letter references and relies upon the recommendations contained in the October 3, 2007 letter of Catherin C. Slemp M.D., wherein the position of the Mingo County Schools was clearly stated as follows:

"On October 3, 2007, Mr. Dwight Dials, Mingo County Superintendent, received an official letter from Catherine C. Slemp, MD, MPH, Acting State Health Officer in Charleston. The letter stated that after examining all of the facts about [MW], attending preschool without any immunizations, she recommends that this request for medical exemption be denied. Also Mingo County Schools was informed to disseminate the information to you and our preschool program at Lenore. Therefore, as of October 12, 2007, [MW] will no longer be attending Preschool Head Start Program at Lenore Pre-k-8 School in Mingo County."

6. As of the commencement of the 2007-2008 school year in September, Infant Plaintiff MW has been denied entrance into the Mingo County, Lenore Pre-k-8 School, Kindergarten program based upon the foregoing position of the Defendant(s) herein.

7. Plaintiffs sincere and genuine religious beliefs prohibit her from subjecting her child, MW, to harm and illness by violating the specific advice and medical recommendations of the Infant's (MW) attending Medical Physician, i.e. Dr. John McCallum M.D. which recommendations provide that vaccinations are contraindicated. Plaintiff, Jennifer Workman, holds sincere and genuine religious beliefs that prevent her from administering immunizations against the medical advice of Plaintiff MW's medical doctor and as such the denial of the above described medical exemption certificate of a reputable physician, John McCallum M.D. constitutes both:

    (1)    an illegal denial of a medical exemption as provided for under WVSC § 16-3-4 and

2

  (2) a breach and violation of Plaintiff's Free Exercise of Religious Beliefs under the First Amendment to the United States Constitution and a denial of Plaintiff's Due Process and Equal Protection of the laws rights under the Fifth and Fourteenth Amendment to the United States Constitution

since said denial of exemption has caused the Infant Plaintiff to be prohibited from attendance at the Public School to wit: Wingo County School's, Lenore Pre-k-8 School (under circumstances where only if Plaintiff Jennifer Workman conducts a practice which violates her religious beliefs by subjecting her child to a procedure, i.e. immunizations, against and in violation of the recommendations of the Infant's medical doctor), thus causing said Infant, Plaintiff MW, to be denied the opportunity to attend the public school, i.e. a denial of Equal Protection and Due Process based upon Plaintiff Jennifer Workman's religious beliefs.

8. Plaintiffs claim that their request for a medical exemption from immunizations, as described above, is being illegally denied by Defendant(s) as such claim for exemption meets the requirements of WVSC § 16-3-4 and that Defendant(s) position denying Infant Plaintiff MW access to public education by requiring the immunization of said Infant Plaintiff against the medical advice of the Infant Plaintiff's medical physician (CONDUCT WHICH WOULD BE SPECIFICALLY REPREHENSIBLE AND IN VIOLATION OF THE RELIGIOUS BELIEFS OF PLAINTIFF JENNIFER WORKMAN BY REQUIRING HER TO SUBJECT INFANT PLAINTIFF, MW, TO A PROCEDURE (IMMUNIZATIONS) TO WHICH THE INFANT'S MEDICAL DOCTOR CERTIFIES IS "CONTRAINDICATED") constitutes a denial of Plaintiff's rights under the Free Exercise Clause of the First Amendment and Fourteenth Amendment of the United States Constitution and the rights of Due Process and Equal Protection as protected by the Fifth and Fourteenth Amendment to the United States Constitution.

## JURISDICTION

9. This case arises under the First and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. Section 1983. Jurisdiction is conjured upon the Court by 23 U.S.C. Section 1331. Damages are sought within the jurisdictional limitations of the Court.

## PARTIES

10. Plaintiffs Jennifer Workman is the natural parent and guardian of Infant Plaintiff MW, and Plaintiffs were at all times hereinafter mentioned domiciled as citizens of the County of Mingo, State of West Virginia and reside within the geographic boundaries of Mingo County Schools and the Lenore Pre-k-8 School.

11. Infant Plaintiff MW (DOB November 26, 2002) is the daughter of Plaintiff Jennifer Workman and is of legal age for attendance in the Kindergarten program at Defendant(s) Mingo County Schools, Lenore Pre-k-8 School.

12. Defendant, Mingo County School District is a duly created school district organized and authorized by the under the laws of the State of West Virginia.

13. Defendant, Dwight Dials is the Superintendent of the above described Mingo County Schools thereby being its chief administrating officer.

14. Defendant, State of West Virginia Department of Health and Human Resources is a duly authorized and created department under the laws of the State of West Virginia, providing various services relating to health, immunization and other issues as they may apply to County School Districts in the State of West Virginia.

## FACTUAL ALLEGATIONS

15. Plaintiff Jennifer Workman is the mother and natural guardian of Infant Plaintiff MW, DOB November 26, 2002.

16. Plaintiff Jennifer Workman is the mother and natural guardian of an older daughter, SGW, DOB March 30, 1996.

17. SGW suffers from serious health problems that Doctor John McCallum M.D. has found sufficient for him to certify a medical exemption from immunizations.

18. SGW has been diagnosed with a Pervasive Developmental Disorder, Not Otherwise Specified [PDD NOS], as well as severe sleep disorders and behavioral problems.

19. SGW's behavioral problems have detrimentally affected her schooling and education, ultimately requiring SGW to be home-schooled.

20. Dr. John McCallum M.D. (a licensed, "reputable" physician) after considering the circumstances of SGW's medical condition and history and the medical history of Infant Plaintiff MW issued a certification of exemption from vaccinations for Infant Plaintiff MW for medical reasons as provided for by WVSC § 16-3-4 on September 4, 2007. As a direct result of Dr. John McCallum M.D.'s opinion indicating that immunizations are contraindicated, Plaintiff Jennifer Workman cannot immunize her daughter, Infant Plaintiff MW. See Exhibit A [Permanent Medical Exemption Certificate of Dr. John McCallum M.D.]

21. Infant Plaintiff MW is a healthy child with no disabilities or illness and it would be against Plaintiff Jennifer Workman's faith in God as a devout Christian and members of the Bapticostal Church, Victory Christian to allow any harm to come to her daughter and it would violate her religious beliefs to do anything against

4

the specific recommendation, direction and certification of her daughter, Infant Plaintiff MW's Doctor, John McCallum M.D. that would cause harm or illness to MW.

22. Dr. John McCallum's M.D. medical exemption recommending against immunizations for MW, dated September 4, 2007 was submitted by Plaintiff Jennifer Workman to Mingo County, West Virginia Department of Health and Human Recourses on or about early September 2007.

23. On or about September 11, 2007, Mingo County Health Officer, Dr. Manolo Tampoya M.D., approved the Certificate of Dr. John McCallum M.D., providing for a Medical Exemption for immunizations for MW and executed a written memo providing for said approval as follows:

"September 11, 2007
According to State Code 16-3-4 a certificate is present from a reputable physician and I have viewed this certificate. I accept the certificate from the reputable physician for this child to attend school in Mingo Co.
Manolo Tampoya M.D. Mingo Co. Health Officer." See, Exhibit C [Certificate approval memo drafted by Manolo Tampoya M.D.]

24. Mingo County Health officials received the above described medical exemption, and MW attended Pre-k-4 at Lenore Grade School for approximately one month in September of 2007.

25. On or about the end of September or beginning or October 2007, School officials notified Plaintiff Jennifer Workman that Infant daughter Plaintiff MW would have to terminate school attendance, pending a ruling by the Mingo County Health Department.

26. State Health Officer Catherine C. Slemp M.D. subsequently issued an opinion letter dated October 3, 2007, recommending rejection of a medical exemption from immunizations for Infant Plaintiff MW. See Exhibit C [State of West Virginia Department of Health and Human Resources "Letter" which provides the West Virginia State Department's opinion and recommendation concerning the request for medical exemption from medical exemption and immunizations for MW.]

27. Rita Ward, Mingo County Schools Pre-K Contact, sent a letter dated October 12, 2007, to Mr. and Mrs. (Jennifer) Workman [Plaintiff], which letter references and relies upon the recommendations contained in the October 3, 2007 letter of Catherine C. Slemp M.D., wherein the position of the Mingo County Schools was clearly stated as follows:

"On October 3, 2007, Mr. Dwight Dials, Mingo County Superintendent, received an official letter from Catherine C. Slemp, MD, MPH, Acting State

5

Health Officer in Charleston. The letter stated that after examining all of the facts about [MW], attending preschool without any immunizations, she recommends that this request for medical exemption be denied. Also Mingo County Schools was informed to disseminate the information to you and our preschool program at Lenore. Therefore, as of October 12, 2007, [MW] will no longer be attending Preschool Head Start Program at Lenore Pre-k-8 School in Mingo County."

28. From on or about the beginning of 2008 through on or about June 2008, Infant Plaintiff MW attended the Head Start Program in Williamson, WV, however Infant Plaintiff is now too old to attend the Head Start Program and remains unable to attend the public school Kindergarten because of the Mingo County School's refusal to except the medical exemption from immunizations of Doctor John McCallum M.D. and is now being home schooled.

29. Plaintiff Jennifer Workman sincerely believes that is a violation of her religious beliefs to harm her child and immunizations administered in contradiction of the specific certification of Dr. John McCallum would in the Doctor's opinion be of such sufficient risk to cause harm that they must not be given and are therefore "contraindicated" and as such violate the Plaintiff Jennifer Workman's religious beliefs. Plaintiff Jennifer Workman's religious beliefs prohibit her from submitting her daughter Infant Plaintiff MW to immunizations, and the denial of her request for immunization medical exemption would force Plaintiff Jennifer Workman to make the violate her religious beliefs in order to secure the right of her Infant daughter MW to attend the public school and is therefore a violation of the Free Exercise Clause of the First Amendment to the United States Constitution and the Due Process and Equal Protection of the Laws under the Fifth and Fourteenth Amendment to the United States Constitution.

30. Plaintiff Jennifer Workman has suffered great financial and emotional hardship as a direct result of the violation of Plaintiff Jennifer Workman's Constitutional rights of Freedom of Religious Expression, Due Process of the Laws and Equal Protection under the Laws as set forth by the First, Fifth and Fourteenth Amendments to the United States Constitution.

31. Infant Plaintiff MW, has suffered substantial damages in not being allowed to attend the Mingo County public school system in violation of her rights as set forth above.

32. West Virginia State Code § 16-3-4 provides as follows:

"...Any Parent or guardian who refuses to permit his or her child to be immunized against diphtheria, polio, rubeola, rubella, tetanus and whooping cough, who cannot give satisfactory proof that the child or person has been immunized against diphtheria, polio, rubeola, rubella, tetanus and whooping cough previously, or a certificate from a reputable physician showing that immunization for any or all is impossible or improper, or sufficient reason why

any or all immunizations should not be done, shall be guilty of a misdemeanor, and except as herein otherwise provided, shall, upon conviction, be punished by a fine or not less than ten nor more than fifty dollars for each offense."

33. The free exercise of religion is a fundamental right under the constitution and may only be restricted upon a showing of the existence of a clear and present danger regarding the communicable disease. In the present case this compelling state interest is lacking in that there is no clear and present danger regarding the communicable disease and at present, upon information and belief the medical exemption remains in effect and is honored throughout the State of West Virginia so that there are now students in attendance in the public, private and parochial schools, who are not immunized based upon their receiving exemptions from immunizations.

34. In defining what constitutes "religious belief" for purposes of the constitutional guarantee of freedom of religion, the test is whether Plaintiffs' beliefs and faiths occupy a place in their lives parallel to that filled by the orthodox belief in God held by others; or any other "sincere religious beliefs which are based upon a power or being, or upon a faith to which all else is subordinate or upon which all else is ultimately dependent." *U.S. vs. Seeger,* 380, U.S. 163 (1965), Sherr and Levy vs. Northport East-Northport Union Free School District, 672 F. Supp. 81, (E.D.N.Y. 1987)

## COUNT ONE

35. The actions of the Defendant(s) have resulted in a denial of Plaintiff's rights to Freedom of Religion in violation of the First Amendment to the United States Constitution, and Plaintiffs' rights of due process and equal protection of the laws as applied through the Fifth and Fourteenth Amendment of the United States Constitution.

## COUNT TWO

36. Defendant, by and through their agents, servants and employees are under color of West Virginia State Code § 16-3-4, attempting to deprive Plaintiffs of their constitutional right to Freedom of Religion, Due Process and Equal Protection of the laws in violation of Article 42 of the United States Code Section 1983.

## COUNT THREE

37. That Defendant(s) are unlawfully violating state law and Plaintiffs' rights to an education by impermissibly denying Plaintiff's request for a medical exemption under West Virginia State Code § 16-3-4, and thereby causing the denial of Plaintiff's Constitutional Rights as more particularly described in Counts One and Two.

## REMEDY

38. Plaintiffs will suffer irreparable harm by reason of religious discrimination and violation of their rights of due process and equal protection of the law and other rights, including the illegal denial for their request for a medical exemption for Infant Plaintiff MW and are entitled to the granting of a permanent injunction and actual damages.

**WHEREFORE, Plaintiffs respectfully request:**

1. That Plaintiffs be declared to be within the statutory medical exemption as set forth in WVSC § 16-3-4, and as such, they are not required to comply with the immunization requirements as a prerequisite for Infant Plaintiff MW for attending Mingo County Public School Lenore Elementary;

2. That Plaintiffs be declared to be within the protection of the First Amendment to the United States Constitution concerning Free Expression of religious beliefs and their rights to Due Process and Equal Protection of the Laws under the Fifth and Fourteenth Amendment to the United States Constitution as pertains to Plaintiff Jennifer Workman's request that an immunization exemption be granted for her daughter Infant Plaintiff MW;

3. That a temporary restraining order be issued pursuant to F.R.C.P. 65(b), enjoining Defendant(s) from barring the Infant Plaintiff MW from attending school during the pendency of this action;

4. That a permanent injunction issue permanently enjoining Defendant(s) from further violating Plaintiffs' constitutional rights of Freedom of Religion, Due Process and Equal Protection;

5. Damages are sought within the jurisdictional limits of this Court together with the costs and disbursements of this action and attorneys fees pursuant to Title 42 of the United States Code, Section 1988; and

6. For such other and further relief this Court may deem just and proper.

Dated: March 30, 2009  
Piermont, New York

Yours, etc.,

*Patricia Finn*  
Patricia Finn, Esq.  
Patricia Finn, Attorney, P.C  
Attorney for Plaintiffs  
450 Piermont Avenue  
Piermont, New York 10968  
845 398 0521  phone  
888 874 5703  fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
------------------------------------------------------X

JENNIFER WORKMAN, Individually and as
Guardian of MW, a minor

                              PLAINTIFFS,

            -AGAINST-

                                          CIV. NO _____

MINGO COUNTY SCHOOLS, DWIGHT DIALS
Superintendent Mingo County Schools, STATE
OF WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES,

                              DEFENDANT.
------------------------------------------------------X

STATE OF WEST VIRGINIA   :
                               :ss
COUNTY OF MINGO          :

## VERIFICATION OF COMPLAINT

      JENNIFER WORKMAN being duly sworn deposes and says that I am Plaintiff in this proceeding; concerning the attached complaint knows the contents thereof; that the same is true to the knowledge of deponent except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*The above signed before me this day March 25, 2009 a notary for the State of WV in the County of Mingo.*

*My Commission Expires September 5, 2011*

_____
JENNIFER WORKMAN

_____
Judy Preston
notary

[OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Judy Lynn Preston
P.O. Box 399
Matewan, WV 25678
My Commission Expires September 5, 2011]